# Exhibit 1

EXECUTION VERSION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
In re GENWORTH FINANCIAL, INC.          :    Master File No. 1:14-cv-02392-AKH
SECURITIES LITIGATION                   :
———————————————————————— :    CLASS ACTION
                                        :
This Document Relates To:               :    STIPULATION OF SETTLEMENT
                                        :
         ALL ACTIONS.                   :
                                        :
                                        :
———————————————————————— x

This Stipulation of Settlement (the "Stipulation") is entered into between (a) the City of Hialeah Employees' Retirement System and New Bedford Contributory Retirement System (collectively, "Class Representatives" or "Lead Plaintiffs"), on behalf of themselves and the certified Class (defined below); and (b) defendants Genworth Financial, Inc. ("Genworth"), and Michael D. Fraizer ("Fraizer"), and Martin P. Klein ("Klein") (collectively, the "Individual Defendants," and, together with Genworth, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Litigation").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Litigation and all claims that were or could have been asserted therein against Defendants.

WHEREAS:

A.      The initial complaint in this case, entitled *City of Hialeah Employees' Retirement System v. Genworth Financial, Inc., et al*., Civil Action No. 1:14-cv-02392-AKH, was filed in the United States District Court for the Southern District of New York (the "Court") on April 4, 2014 (ECF No. 2).

B.      By order entered July 28, 2014, the Court appointed the City of Hialeah Employees' Retirement System and New Bedford Contributory Retirement System as Lead Plaintiffs and their counsel Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as Lead Counsel (ECF No. 20).

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

C.      On October 3, 2014, the Amended Complaint for Violation of the Federal Securities Laws was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Complaint") (ECF No. 26).  The named defendants in the Complaint were Genworth and the Individual Defendants.  On December 2, 2014, the Defendants moved to dismiss the Complaint (ECF Nos. 29-31, 35, 38-39), which was opposed by Lead Plaintiffs (ECF Nos. 33-34, 36-37).  By order entered March 25, 2015, the Court denied Defendants' motion to dismiss.  However the Court *sua sponte*, and based upon its own reading of the Complaint, dismissed the Complaint, without prejudice (ECF No. 41).

D.      On April 17, 2015, Lead Plaintiffs filed their Second Amended Class Action Complaint (the "Second Amended Complaint") (ECF No. 42).  On May 8, 2015, Defendants again moved to dismiss (ECF Nos. 43-45, 52), which Lead Plaintiffs opposed (ECF No. 51).  By order entered June 16, 2015, the Court denied Defendants' motion to dismiss (ECF No. 53). Thereafter, Defendants filed an answer denying all allegations of wrongdoing in the Second Amended Complaint and asserting defenses thereto (ECF No. 63).

E.      On January 22, 2016, Defendants moved pursuant to Fed. R. Civ. P. 54(b) for reconsideration of the Court's denial of their motion to dismiss (ECF Nos. 87-89), which motion Lead Plaintiffs opposed (ECF Nos. 98-99).  By order entered March 3, 2016, the Court denied Defendants' motion for reconsideration (ECF No. 112).

F.      On January 29, 2016, Lead Plaintiffs filed a motion seeking class certification (ECF Nos. 91-94, 114-115), which Defendants opposed (ECF Nos. 107-108).  The Court granted the class certification motion on March 7, 2016, appointing Lead Plaintiffs as class representatives, and Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as class counsel ("Class Counsel") (ECF No. 118).

G.      The parties have engaged in extensive investigation and discovery related to the allegations in the Litigation, including, but not limited to, the production of approximately 2 million pages of documents and information from Defendants and approximately 225,000 pages of documents produced by approximately a dozen third-parties; meeting and conferring on numerous occasions regarding substantive and procedural discovery issues; serving and responding to requests for answers to interrogatories, requests for admissions, and requests for production of documents; consulting with experts; and obtaining testimony from witnesses through nine depositions (within the United States and in Australia), including of the Individual Defendants.

H.      The parties have engaged in extensive arm's-length settlement negotiations. During the course of the Litigation, the parties explored the possibility of a negotiated resolution of the Litigation through numerous telephonic conferences, in person discussions, and written correspondence.  After an in-person settlement meeting, these efforts culminated with the parties agreeing to settle the Litigation for $20,000,000.00, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court.

I.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the parties.

J.      Based upon their investigation and prosecution of the claims, Class Representatives and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Class Representatives and the other members of the Class, and in their best interests.  Based on Class Representatives' oversight of the prosecution of this matter and with the advice of their counsel, each of the Class Representatives has agreed to settle and release the claims raised in the Litigation pursuant to the terms and

provisions of this Stipulation, after considering, among other things: (a) the financial benefit that Class Representatives and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks of continued litigation and trial.

K.     This Stipulation constitutes a compromise of matters that are in dispute between the parties.  Defendants are entering into this Stipulation solely to eliminate the burden, risk, and expense of further protracted litigation.  Each of the Defendants denies any and all wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted, including with respect to the appropriateness of the litigation class.  The Defendants expressly deny that Class Representatives have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any Class Representative of, any infirmity in any of the claims asserted in the Litigation, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the parties recognizes and acknowledges, however, that the Litigation has been initiated, filed and prosecuted by Class Representatives in good faith and defended by Defendants in good faith, that the Litigation is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representatives (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court

pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the

benefits flowing to the parties from the Settlement, all Released Plaintiffs' Claims as against the

Defendants Releasees and all Released Defendants' Claims as against the Plaintiffs Releasees

shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part

hereof, the following capitalized terms shall have the following meanings:

(a)      "Alternate Judgment" means a form of final judgment that may be entered

by the Court herein but in a form other than the form of Judgment provided for in this Stipulation

and where none of the Parties elects to terminate this Settlement by reason of such variance.

(b)      "Authorized Claimant" means any Class Member whose claim for

recovery from the Settlement has been allowed pursuant to the terms of the Stipulation.

(c)      "Claim" means a Proof of Claim and Release Form submitted to the

Claims Administrator.

(d)      "Claimant" means a person or entity who or which submits a Claim Form

to the Claims Administrator seeking to share in a distribution of the Net Settlement Fund.

(e)      "Claims Administrator" means the firm retained by Class Representatives

and Class Counsel, subject to approval of the Court, to provide all notices approved by the Court

to potential Class Members and to administer the Settlement.

(f)      "Class" means all purchasers of publicly traded Genworth common stock

during the period from November 3, 2011 through April 17, 2012, inclusive, who were allegedly

damaged by the conduct at issue in the Litigation.  Excluded from the Class are Defendants; the

Officers and directors of the Company, at all relevant times; members of the immediate families

of excluded persons, and their legal representatives, heirs, successors or assigns; and any entity

in which Defendants have or had a controlling interest.  Also excluded from the Class is any

Class Member that validly and timely requests exclusion from the Class or whose request for

exclusion is accepted by the Court.

(g)    "Class Counsel" or "Co-Lead Counsel" means the law firms of Labaton

Sucharow LLP and Robbins Geller Rudman & Dowd LLP.

(h)    "Class Member" means each person and entity who or which is a member

of the Class.

(i)    "Class Period" means the period from November 3, 2011 through April

17, 2012, inclusive.

(j)    "Defendants" means Genworth and the Individual Defendants.

(k)    "Defendants' Counsel" means Dentons US LLP.

(l)    "Defendants Releasees" means each and every one of Genworth and the

Individual Defendants, Defendants' Counsel, and, as applicable to either (i) an Individual

Defendant or (ii) the corporate Defendant, any of Defendants' present and former parents,

affiliates, subsidiaries, associates, business units or divisions, and each and all of their respective

past and present directors, Officers, members, principals, employees, managers, attorneys,

financial or investment advisors, consultants, accountants, actuaries, auditors, indemnifiers,

representatives, bankers, insurers, reinsurers, heirs, estates, trustees, trusts, executors,

administrators, general or limited partners or partnerships, and each of their respective

predecessors, successors and assigns, and any of the Individual Defendants' Immediate Family

members.

(m)     "Effective Date" with respect to the Settlement means the first date by
which all of the events and conditions specified in ¶39 of this Stipulation have been met and
have occurred or have been waived.

(n)     "Escrow Account" means an account maintained at Citibank, N.A.
wherein the Settlement Amount shall be deposited and held in escrow.

(o)     "Escrow Agent" means Citibank, N.A..

(p)     "Final," with respect to the Judgment or, if applicable, the Alternate
Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time
provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*,
thirty (30) calendar days after entry of the judgment or order; or (ii) if there is an appeal from the
judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any
proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on
an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of
review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other
form of review is granted, the date of final affirmance following review pursuant to that grant or,
in the event that certiorari or other form of review is dismissed prior to final affirmance, upon the
date of that dismissal.  However, any appeal or proceeding seeking subsequent judicial review
pertaining solely to an order issued with respect to (a) attorneys' fees, costs or expenses, or
(b) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall
not in any way delay or preclude a judgment from becoming Final.

(q)     "Genworth" or the "Company" means Genworth Financial, Inc.

(r)     "Immediate Family" means children, stepchildren, parents, stepparents,
spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law,

and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(s)        "Individual Defendants" means Michael D. Fraizer and Martin P. Klein.

(t)        "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(u)        "Litigation" means the consolidated securities class action in the matter styled *In re Genworth Financial, Inc. Securities Litigation,* Master File No. 1:14-cv-02392-AKH (S.D.N.Y.), and includes all actions consolidated therein.

(v)        "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys' fees, expenses, and charges awarded by the Court; (iv) any costs and expenses (which may include lost wages) awarded by the Court to Class Representatives under ¶18 of this Stipulation; and (v) any other costs, fees or expenses approved by the Court.

(w)        "Notice" means the Notice of Pendency and of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

(x)        "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing Notices to the Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(y)        "Officer" means any officer as that term is defined in Securities Exchange Act Rule 16a-1(f).

(z)      "Parties" means Defendants and Class Representatives, on behalf of themselves and the Class.

(aa)      "Person" or "Persons" means any individual, corporation, general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(bb)      "Plaintiffs' Counsel" means Class Counsel and all other legal counsel who, at the direction of Class Counsel, performed services on behalf of the Class in the Litigation.

(cc)      "Plaintiffs Releasees" means Class Representatives, Plaintiffs' Counsel, and all other Class Members, and their current and former Officers, directors, agents, parents, trustees, heirs, administrators, executors, partners, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacity as such.

(dd)      "Plan of Allocation" means the proposed Plan of Allocation of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(ee)      "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that Notice of the Settlement be provided to the Class.

(ff)      "Proof of Claim and Release" or "Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit, if that Claimant seeks to share in a distribution of the Net Settlement Fund.

10

(gg)        "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(hh)        "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ii)        "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, administrative or foreign law, that the Defendants Releasees could have asserted against any of the Plaintiffs Releasees that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Litigation. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

(jj)        "Released Plaintiffs' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature and description, including both known claims and Unknown Claims, whether arising under federal, state, foreign, statutory, common or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or unliquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, or exist as of the date of the Court approval of the Settlement, that Class Representatives or any other Class Member asserted in the Complaint or Second Amended Complaint or could have asserted in the Litigation or in any other action or in any forum (including, without limitation,

any federal or state court, or in any other court, arbitration proceeding, administrative agency or

other forum, in the U.S. or elsewhere) against any of the Defendants Releasees that: (a) arise out

of, are based upon, relate to or concern any of the claims, allegations, transactions, facts,

circumstances, events, acts, disclosures, statements, representations, omissions or failures to act

alleged, set forth, referred to, involved in, or raised in the Litigation, the Complaint, or the

Second Amended Complaint, including, without limitation, claims that arise out of or relate to

any disclosures (including in financial statements), U.S. Securities and Exchange Commission

filings, press releases, investor calls, registration statements, offering memoranda, web postings,

presentations or any other statements by Defendants during the period November 3, 2011

through April 17, 2012, inclusive, or that relate to or concern Genworth's Australian mortgage

insurance business; and (b) that arise out of, are based upon, or relate to the sale, purchase or

acquisition of Genworth common stock during the period November 3, 2011 through April 17,

2012, inclusive.  Released Claims do not include: (i) claims to enforce the Settlement and the

Stipulation; (ii) claims of any person or entity who or which submits a request for exclusion that

is accepted by the Court; and (iii) claims in *Genworth Financial, Inc. Consolidated Derivative

Litigation,* C.A. No. 11901-VCS (Del. Ch.), and *Chopp v. McInerney, et al,* C.A. No. 12835

(Del. Ch.).  For the sake of clarity, Released Plaintiffs' Claims do not include the claims asserted

in any pending derivative action.

(kk)  "Releasee(s)" means each and any of the Defendants Releasees and each

and any of the Plaintiffs Releasees.

(ll)  "Releases" means the releases set forth in ¶¶5-6 of this Stipulation.

(mm)  "Releasing Parties" means collectively the Defendants Releasees and

Releasing Plaintiffs.

(nn)        "Releasing Plaintiffs" means each and all of the following: Class Representatives and each of the other Class Members (regardless of whether that Person actually submits a Claim Form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or the fee and expense application), on behalf of themselves, and their respective heirs, executors, administrators, legal representatives, trustees, predecessors, successors, and assigns, and any other Person acting on a Class Member's behalf, in their capacities as such.

(oo)        "Settlement" means the settlement between Class Representatives, on behalf of the Class, and Defendants on the terms and conditions set forth in this Stipulation.

(pp)        "Settlement Amount" means $20,000,000.00 (twenty million USD) in cash.

(qq)        "Settlement Fund" means the Settlement Amount, plus any and all interest actually earned thereon.

(rr)        "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider, *inter alia*, final approval of the Settlement.

(ss)        "Summary Notice" means the Summary Notice of Pendency and of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(tt)        "Taxes" means all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund.

(uu)      "Tax Expenses" means the expenses and costs incurred by Class Counsel, or their agents, in connection with determining the amount of, and paying, any Taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(vv)      "Unknown Claims" means any Released Plaintiffs' Claims which any Class Representative or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants Releasees does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Defendants shall expressly waive, and each of the other Class Members and each of the other Defendants Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Releasing Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but that the Class Representatives and the Defendants Releasees nevertheless intend to and shall expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff shall be deemed to have settled and

released, and upon the Effective Date and by operation of the Judgment or the Alternate

Judgment, if applicable, shall have settled and released, fully, finally, and forever, any and all

Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-

contingent, whether or not concealed or hidden, which now exist, or heretofore have existed,

upon any theory of law or equity now existing or coming into existence in the future, including,

but not limited to, conduct, which is negligent, reckless, intentional, with or without malice, or a

breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such

different or additional facts, legal theories, or authorities.  Class Representatives and Defendants

acknowledge, and each of the other Class Members and each of the other Defendants Releasees

shall be deemed by operation of law to have acknowledged, that the foregoing waiver was

separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Within five (5) calendar days of execution of this Stipulation, Class

Representatives will move for preliminary approval of the Settlement and the scheduling of a

hearing for consideration of final approval of the Settlement, which motion shall be unopposed

by Defendants provided that it is consistent with this Stipulation.  Concurrently with the motion

for preliminary approval, Class Representatives shall apply to the Court for, and Defendants

shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto

as Exhibit A.

3.      From the date of this Stipulation through the Effective Date of the Settlement, the

Parties agree, other than for those matters necessary to implement and effectuate the Settlement

itself: (a) not to take any steps to prosecute, or assist any other Person or entity to prosecute, any

of the Released Claims against any of the Releasees; and (b) not to initiate or participate in any

proceedings arising out of, based upon or concerning any of the Released Claims against any of

the Releasees.  To the extent consistent with their ethical obligations, the Parties' counsel

represent that they do not have any clients on whose behalf they presently plan to (a) prosecute,

or assist in prosecuting, any of the Released Claims against any of the Releasees; and (b) initiate

or participate in any proceedings arising out of, based upon or concerning any of the Released

Claims against any of the Releasees.

### RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are in consideration of: (a)

the full and final disposition of the Litigation as against Defendants; and (b) the Releases

provided for herein.

5.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without

further action by anyone, upon the Effective Date of the Settlement, the Releasing Plaintiffs: (i)

have and shall be deemed to have fully, finally, and forever waived, released, relinquished,

discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each

and every one of the Defendants Releasees; (ii) have and shall be deemed to have covenanted not

to sue, directly or indirectly, any of the Defendants Releasees with respect to any or all of the

Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or

indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action,

suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether

in the United States or elsewhere, on their own behalf or in a representative capacity, that is

based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the

Defendants and the other Defendants Releasees.  Class Representatives and each of the other

Class Members shall be bound by the terms of the releases set forth in this Stipulation whether or

not they submit a valid and timely Claim Form, take any other action to obtain recovery from the

Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.  This

release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court, and claims to enforce the terms of this Stipulation are not released.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, the Defendants Releasees shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every one of the Released Defendants' Claims against Class Representatives and the other Plaintiffs Releasees, have agreed and covenanted not to sue and shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), pursuing or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates directly or indirectly to any or all of the Released Defendants' Claims against any of the Class Representatives and the other Plaintiffs Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court, and claims to enforce the terms of this Stipulation are not released.

7.      Notwithstanding ¶¶5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants Releasees, Defendants have paid or shall cause to be paid

17

the Settlement Amount into the Escrow Account within twenty-one (21) calendar days after the Court enters the Preliminary Approval Order.

9.      Except as required in ¶25 below, the Settlement Amount represents the entirety of the Defendants' and the other Defendants Releasees' financial obligations to Class Representatives, the Class, and Plaintiffs' Counsel under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees, expenses, charges, Notice and Administration Costs, and costs of any kind whatsoever associated with the Settlement (other than those provided for in ¶25 and ¶54 below).  The payment of the Settlement Amount by, or on behalf of, Defendants in accordance with ¶8 above fully discharges the Defendants' and the other Defendants Releasees' financial obligations under this Stipulation and in connection with the Settlement, meaning that, except as required in ¶25 and ¶54 below, no Defendants Releasees shall have any other obligation to make any payment into the Escrow Account (defined above) or to any Class Member, or any other Person, under this Stipulation.

## USE OF SETTLEMENT FUND

10.      The Settlement Fund shall be used to pay: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any attorneys' fees, expenses, and charges awarded by the Court; (d) any expenses (which may include lost wages) awarded by the Court to Class Representatives; and (e) any other costs, fees or expenses approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶23-33 below.

11.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to

the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest

any funds in the Escrow Account exclusively in United States Treasury Bills or United States

Treasury Notes (or a mutual fund invested solely in instruments backed by the full faith and

credit of the United States) and shall collect and reinvest all interest accrued thereon, except that

any residual cash balances up to the amount that is insured by the FDIC may be deposited in any

account that is fully insured by the FDIC.  In the event that the yield on United States Treasury

Bills or Treasury Notes is negative, in lieu of purchasing such Treasury Bills or Treasury Notes,

all or any portion of the funds held by the Escrow Agent may be deposited in any account that is

fully insured by the FDIC or backed by the full faith and credit of the United States.  The

Settlement Fund shall bear all risks related to the investment of monies in the Escrow Account.

All income or gains earned, or any loss incurred, shall be credited to (or debited from) the

Escrow Account.  Defendants Releasees shall have no responsibility for, interest in, or liability

whatsoever with respect to investment or other decisions by the Escrow Agent.

     12.     The Parties agree that the Settlement Fund is intended to be a Qualified

Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel,

as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-

2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax

returns as may be necessary or appropriate (including, without limitation, the returns described in

Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Class Counsel shall also be

responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax

Expenses owed with respect to the Settlement Fund.  The Defendants Releasees shall not have

any liability or responsibility for any such Taxes or Tax Expenses, or any required filings

regarding same.  Upon written request, Defendants will provide to Class Counsel the statement

described in Treasury Regulation § 1.468B-3(e).  Class Counsel, as administrator of the

Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make

such elections as are necessary or advisable to carry out this paragraph, including, as necessary,

making a "relation back election," jointly with the Defendants, as described in Treasury

Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the

earliest allowable date, and shall take or cause to be taken all actions (including any necessary

joint action with the Defendants) as may be necessary or appropriate in connection therewith.

13.   All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and shall be

timely paid by Class Counsel pursuant to this Stipulation and without further order of the Court.

Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall

be consistent with the previous paragraph and in all events shall reflect that all Taxes on the

income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided

herein.  The Defendants Releasees shall have no responsibility or liability for the acts or

omissions of Class Counsel or their agents with respect to the payment of Taxes or Tax

Expenses, or filings regarding same, as described herein.

14.   The Settlement is not a claims-made settlement.  Upon the occurrence of the

Effective Date, no Defendant, or any other person or entity who or which paid any portion of the

Settlement Amount, shall have any right to the return of the Settlement Fund or any portion

thereof for any reason whatsoever (including, without limitation, the number of Claim Forms

submitted, the collective amount of recognized claims of Authorized Claimants, the percentage

of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement

Fund), except as set forth in ¶53 below.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, upon entry of the Preliminary Approval Order by the Court, Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Account.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

16.     The Defendants Releasees and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund, including communications with Class Members; (iii) the Plan of Allocation or its implementation, administration, or interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

17.     Subject to approval of the Court, and unless otherwise ordered by the Court, if there is any balance remaining in the Net Settlement Fund after a reasonable amount of time from the date of the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter in an economical and equitable manner if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Council of Institutional Investors' Research and Education Fund, a non-sectarian, not-for-profit organization, or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

18.     Class Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Class Counsel also will apply to the Court for an award of expenses and charges to Plaintiffs' Counsel, and may also request an award of Class Representatives' lost wages, costs and expenses directly related to their representation of the Class, to be paid from (and out of) the Settlement Fund.  Class Counsel's application for an award of attorneys' fees, expenses, and charges is not the subject of

any agreement between Defendants and Class Representatives other than what is set forth in this Stipulation.

19.     Any attorneys' fees, expenses, and charges that are awarded by the Court shall be paid to Class Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or expenses/charges is reduced or reversed and such order reducing or reversing the award has become Final.  Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or expenses/charges has become Final.  An award of attorneys' fees and/or expenses/charges is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Class Representatives nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or expenses/charges.

20.     It shall be the responsibility and obligation of Class Counsel (or their successors) to ensure repayment under ¶¶19-20, and Class Counsel (or their successors) submit themselves to the jurisdiction of the Court in the event of any dispute in connection with ¶¶19-20.  Class Counsel agree to incorporate their obligation under the preceding sentence into any proposed order awarding attorneys' fees and expenses/charges filed with the Court.  Each Class Counsel's

law firm receiving fees and expenses/charges, as a condition of receiving such fees and expenses/charges, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purposes of enforcing the provisions of ¶¶19-20.  The obligations in ¶¶19-20 shall survive and remain in full force and effect and be binding in all respects on the Parties even if this Stipulation is terminated, the Settlement is not approved, or the Effective Date does not occur.

21.     Once the Settlement is funded, pursuant to ¶8 above, Class Representatives, Class Counsel, and the Class Members shall have no recourse against the Defendants Releasees for the payment of any attorneys' fees or expenses/charges.

22.     Class Counsel shall allocate the attorneys' fees awarded by the Court amongst counsel of record in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Litigation, or as otherwise ordered by the Court.  Defendants Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or expenses/charges.  The attorneys' fees and expenses/charges that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund via the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

23.     As part of the Preliminary Approval Order, Class Representatives shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision, and shall be subject to the jurisdiction of the Court.  Other than Genworth's obligation to provide its securities holders records as provided in ¶25 below, none of the Defendants, nor any other Defendants Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the

24

Claims Administrator, the Plan of Allocation, the administration of the Settlement, the claims

process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to

any person or entity, including, but not limited to, Class Representatives, any other Class

Members or Class Counsel in connection with the foregoing.  Defendants' Counsel shall

cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate

its terms.

24.     The Claims Administrator shall maintain reasonably detailed records of all of its

activities under this Stipulation, including all records required by applicable law in accordance

with its normal business practices.  Such records will be made available to Class Counsel and

Defendants' Counsel upon reasonable request.  The Claims Administrator shall also provide

reports and other information to the Court as the Court may require.

25.     In accordance with the terms of the Preliminary Approval Order to be entered by

the Court, Class Counsel shall cause the Claims Administrator to create a Settlement website and

mail the Notice and Claim Form to those members of the Class as may be identified through

reasonable effort.  Class Counsel shall also cause the Claims Administrator to have the Summary

Notice published in accordance with the terms of the Preliminary Approval Order to be entered

by the Court.  In the event that notice is required pursuant to the Class Action Fairness Act, 28

U.S.C. § 1715, as set forth in ¶ 54, below, Defendants' Counsel shall cause the Claims

Administrator, at no cost to the Class, to mail such notice to the required State and Federal

officials, as those terms are defined in the statute.  For the purposes of identifying and providing

notice to the Class, within seven (7) calendar days of the date of entry of the Preliminary

Approval Order, Genworth shall use reasonable efforts to provide or cause to be provided to

Class Counsel in electronic format (at no cost to the Settlement Fund, Class Counsel or the

Claims Administrator) its security lists (consisting of names and addresses) of the record holders

of Genworth common stock during the Class Period by searching its files and requesting a list of

record holders from its transfer agent.

26.     Upon receiving any request(s) for exclusion pursuant to the Notice, Class Counsel

shall use their best efforts to promptly notify Defendants' Counsel of such request(s) for

exclusion upon receiving each request for exclusion, and no later than five (5) calendar days after

receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing,

whichever is earlier, provided they are timely received, and provide copies of such request(s) for

exclusion and any documentation accompanying them by email.  Class Counsel, and other

counsel for Class Representatives, and Class Representatives shall not act to encourage or assist

Class Members to exclude themselves from the Class.

27.     The Claims Administrator shall receive Claims and determine first, whether the

Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared

to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation

set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the

Court approves).

28.     Class Representatives and Class Counsel may not cancel or terminate the

Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect

to the Plan of Allocation or any other plan of allocation in this Litigation.  Any orders or

proceedings relating to the Plan of Allocation (or any other such plan of allocation as may be

approved by the Court) as well as any appeal therefrom (or appellate ruling) shall not: (a) operate

to modify, terminate or cancel this Settlement; (b) modify, terminate or impact in any way the

Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternative

Judgment, if applicable, or any other orders entered by the Court giving effect to this Stipulation;

(d) affect or delay the Effective Date; (e) provide any ground or otherwise permit any Person

(including Class Representatives and the other Class Members), or any of their counsel, to

cancel, terminate or withdraw from the Stipulation or the Settlement; and/or (f) affect or delay

the validity of the Settlement.  Defendants and the other Defendants Releasees shall not object in

any way to the Plan of Allocation or any other plan of allocation in this Litigation provided that

such plan is consistent with this Stipulation.  No Defendant, nor any other Defendants Releasees,

shall have any liability, obligation or responsibility whatsoever for the application of the Court-

approved plan of allocation.  Any Class Member who does not submit a valid Claim Form will

not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be

bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment

or, the Alternate Judgment, if applicable, to be entered in the Litigation and the Releases

provided for herein and therein, and will be permanently barred and enjoined from bringing any

action, claim, or other proceeding of any kind against the Defendants Releasees with respect to

the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the

Settlement.

      29.     Class Counsel shall be responsible for supervising the administration of the

Settlement and the disbursement of the Net Settlement Fund subject to such supervision and

direction of the Court as may be necessary or as circumstances may require.  Defendants shall

have no liability, involvement, or responsibility as to the handling, adjudication or treatment of

any Claim.  No Defendant shall be permitted to review, contest or object to any Claim Form, or

any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting

any Claim for payment by a Class Member, consistent with ¶16 above.  Notwithstanding the

foregoing, Defendants may confidentially obtain copies of a Claimant's Claim Form if necessary

to enforce any and all terms of the Settlement, including, but not limited to, in the event there is a

dispute concerning the timing or validity of a request for exclusion from the Class.  Class

Counsel shall have the right, but not the obligation, to waive what they deem to be formal or

technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

     30.     For purposes of determining the extent, if any, to which a Claimant shall be

entitled to be treated as an Authorized Claimant, the following conditions shall apply:

     (a)     Each Claimant shall be required to submit a Claim Form, substantially in

the form attached hereto as Exhibit A-2, supported by such documents as are designated therein,

including proof of the Claimant's alleged loss, or such other documents or proof as the Claims

Administrator or Class Counsel, in their discretion, may deem acceptable;

     (b)     All Claim Forms must be submitted by the date set by the Court in the

Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit

a Claim Form by such date, or such other date as may be ordered by the Court or otherwise

allowed by Class Counsel, shall be forever barred from receiving any distribution from the Net

Settlement Fund or payment pursuant to this Stipulation (unless such Class Member's Claim

Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation

and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and

the Releases provided for herein and therein, and will be permanently barred and enjoined from

bringing any action, claim or other proceeding of any kind against any Defendants Releasees

with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-

submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if

received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby;

(c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating

the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

31.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits, prosecution, or defense of this Litigation or of the Settlement in connection with the processing of Claim Forms.

32.     Payment pursuant to this Stipulation, the plan of allocation approved by the Court, and any order of the Court, shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Litigation and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants Releasees with respect to any and all of the Released Plaintiffs' Claims.

33.     No person or entity shall have any claim against Class Representatives, Class Counsel, the Claims Administrator or any other agent designated by Class Counsel, or the Defendants Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class Representatives and Defendants, and their respective counsel, and Class Representatives' damages expert and all other Releasees shall have no liability whatsoever

for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of

Allocation, or the determination, administration, calculation, or payment of any Claim or

nonperformance of the Claims Administrator, the payment or withholding of Taxes (including

interest and penalties) owed by the Settlement Fund, or any losses incurred in connection

therewith.

34.     All proceedings with respect to the administration, processing and determination

of Claims and the determination of all controversies relating thereto, including disputed

questions of law and fact with respect to the validity of Claims, shall be subject to the

jurisdiction of the Court.  All Claimants and Parties to this Settlement expressly waive trial by

jury (to the extent any such right may exist) and any right of appeal or review with respect to

such determinations.

## <u>OTHER COMMUNICATIONS</u>

35.     At the time of signing of this Stipulation, the Parties, Plaintiffs' Counsel and

Defendants' Counsel agree to exchange and consult about any press releases they intend to issue

concerning the Settlement of the Litigation.  With respect to Plaintiffs' Counsel and Class

Representatives, their press releases shall be permitted to contain the following or similar

statements:  that the Settlement was entered into for purposes of avoiding the risks associated

with continuing litigation, that they believe the Settlement is a good outcome for the Class, and

that they are satisfied with the results.  Plaintiffs' Counsel's and Class Representatives'

statements in response to inquiries by the media and Class Members and on their websites must

be consistent with the prior sentence.  With respect to Defendants and Defendants' Counsel, their

press releases shall be permitted to contain the following or similar statements:  that the

Settlement was entered into for purposes of avoiding the risks associated with continuing

litigation, that the Settlement does not constitute any admission as to liability or wrongdoing, or

the viability of Defendants' defenses, and that they are satisfied with the results.  Defendants'

and Defendants' Counsel's statements in response to inquiries by the media and on their websites

must be consistent with the prior sentence, and can advise the questioner to review the formal

Settlement papers and briefing for any further information regarding the Settlement.

36.     Notwithstanding any other provision in this Stipulation, (a) the Parties shall have

the right to disclose the Settlement to comply with their financial, legal, reporting, regulatory and

securities obligations, (b) the Parties shall have the right to take actions to enforce the Settlement

to the extent necessary, (c) Defendants' Counsel and Plaintiffs' Counsel shall have the right to

communicate with their clients regarding the Litigation and the Settlement, (d) Genworth shall

have the right to communicate with its shareholders concerning the Litigation and the Settlement,

and (e) Plaintiffs' Counsel shall have the right to communicate with Class Members and the

Claims Administrator regarding the Litigation and the Settlement.

37.     The Parties further agree that any press releases, other media statements, and

postings on websites regarding the Settlement, made at any time, should be balanced, accurate

and non-disparaging.

## TERMS OF THE JUDGMENT

38.     If the Settlement contemplated by this Stipulation is approved by the Court, Class

Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in

the form attached hereto as Exhibit B.  The proposed Judgment shall contain, *inter alia*, the

releases described in ¶¶5-6 of this Stipulation and the following provisions:

(a)     Upon the Effective Date, the Releasing Plaintiffs: (i) have and shall be

deemed to have fully, finally, and forever waived, released, relinquished, discharged, and

dismissed each and every one of the Released Plaintiffs' Claims against each and every one of

the Defendants Releasees; (ii) have and shall be deemed to have covenanted not to sue, directly

or indirectly, any of the Defendants Releasees with respect to any or all of the Released

Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly,

filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a

class member or otherwise), pursuing or receiving any benefits or other relief, from any action,

suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether

in the United States or elsewhere, on their own behalf or in a representative capacity, that is

based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the

Defendants and the other Defendants Releasees.  All Releasing Plaintiffs shall be bound by the

terms of the releases set forth in the Stipulation and the Judgment, whether or not they submit a

valid and timely Claim Form, take any other action to obtain recovery from the Settlement Fund,

or seek, or actually receive a distribution from the Net Settlement Fund.  This release shall not

apply to any person or entity who or which submits a request for exclusion from the Class that is

accepted by the Court, and claims to enforce the terms of this Stipulation are not released.

(b)      Upon the Effective Date, the Defendants Releasees shall have, fully,

finally and forever compromised, settled, released, resolved, relinquished, waived and

discharged each and every one of the Released Defendants' Claims against Class

Representatives, Plaintiffs' Counsel and the other Plaintiffs Releasees, and shall forever be

barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting,

maintaining, intervening in, participating in (as a class member or otherwise), pursuing or

receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim,

demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on

their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any

or all of the Released Defendants' Claims against any of the Class Representatives, Plaintiffs'

Counsel and the other Plaintiffs Releasees.  This release shall not apply to any person or entity

who or which submits a request for exclusion from the Class that is accepted by the Court, and

claims to enforce the terms of this Stipulation are not released.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

39.     The Effective Date of the Settlement shall be deemed to occur on the occurrence

or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the

form set forth in Exhibit A attached hereto, as required by ¶2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in

accordance with the provisions of ¶8 above;

(c)     Defendants have not exercised their option to terminate the Settlement

pursuant to the provisions of this Stipulation (including the Supplemental Agreement described

in ¶43 below);

(d)     Class Representatives have not exercised their option to terminate the

Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following

notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil

Procedure, and entered the Judgment and the Judgment has become Final, or the Court has

entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the

Alternate Judgment has become Final.

40.     Upon the occurrence of all of the events referenced in ¶39 above, any and all

remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely

and forever extinguished and the Releases herein shall be effective.

41.     Except as otherwise stated herein, if (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Class Representatives exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Class Representatives and Defendants shall revert to their respective positions in the Litigation as of March 21, 2017, with any further schedule to be set by the Court.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶41 and ¶¶15, 16, 19, 20, 43, 64 and 66, shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after written notification of termination as provided in this Stipulation is sent to the other Parties, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶19 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing, shall be refunded by the Escrow Agent to Defendants, based upon written instructions provided by Defendants' Counsel.  In the event that the funds received by Class Counsel consistent with ¶19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, consistent with ¶20 above, those funds shall be refunded by the Escrow Agent to Defendants based upon written instructions provided by Defendants' Counsel immediately upon their deposit into the Escrow Account no later than

thirty (30) calendar days after receiving from Defendants' Counsel notice of the termination of the Settlement.

42.     It is further stipulated and agreed that Class Representatives, provided they unanimously agree, and Genworth shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶41 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees and expenses/charges or the award of expenses to the Class Representatives or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

43.     In addition to the grounds set forth in ¶42 above, Genworth shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in the confidential supplemental agreement with Class Representatives (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being

executed concurrently herewith, shall not be filed with the Court and its terms shall not be

disclosed in any other manner (other than the statements herein and in the Notice, to the extent

necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court

otherwise directs or a dispute arises between Class Representatives and Genworth concerning its

interpretation or application.

44.     In addition to all of the rights and remedies that Class Representatives have under

the terms of this Stipulation, Class Representatives shall also have the right to terminate the

Settlement in the event that the Settlement Amount has not been paid in the time period provided

for in ¶8 above, by providing written notice of the election to terminate to all other Parties.

### NO ADMISSION OF WRONGDOING

45.     Defendants have denied and continue to deny, *inter alia*, that Class

Representatives and Class Members have suffered any damages alleged in the Litigation; that the

price of Genworth common stock was artificially inflated by reason of any alleged

misrepresentations, omissions, or otherwise; that Defendants acted fraudulently or wrongfully in

any way; that Defendants made any alleged material misrepresentation or omission; or that the

alleged harm suffered by Class Representatives and other Class Members, if any, was causally

linked to any alleged misrepresentations or omissions.  In addition, Defendants maintain that

they have meritorious defenses to all claims alleged in the Litigation.

46.     Nothing in this Stipulation shall in any way affect Defendants' right to seek to

decertify or limit the definition of the Class if the Settlement is terminated or otherwise fails to

reach the Effective Date, and Defendants reserve all rights with respect thereto.

47.     Nonetheless, the Defendants have concluded that further litigation of the

Litigation, especially given the complexity of cases such as this one, would be protracted,

burdensome, and expensive, and that it is desirable and beneficial to them that they secure

releases to the fullest extent permitted by law and that the Litigation be fully and finally settled

and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

48.     Neither this Stipulation (whether or not consummated), including the exhibits

hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be

approved by the Court), the negotiations leading to the execution of this Stipulation, nor any

proceedings taken pursuant to or in connection with this Stipulation and/or approval of the

Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants Releasees as evidence of, or

construed as, or deemed to be evidence of any presumption, concession, or admission by any of

the Defendants Releasees with respect to the truth of any allegation by Class Representatives or

the validity of any claim that was or could have been asserted or the deficiency of any defense

that has been or could have been asserted in this Litigation or in any other litigation, including

the appropriateness of the litigation class, or of any liability, negligence, fault, or other

wrongdoing of any kind of any of the Defendants Releasees or shall be in any way referred to for

any other reason as against any of the Defendants Releasees, in any civil, criminal or

administrative action or proceeding;

(b)     shall be offered against any of the Plaintiffs Releasees, as evidence of, or

construed as, or deemed to be evidence of any presumption, concession or admission by any of

the Plaintiffs Releasees that any of their claims are without merit, that any of the Defendants

Releasees had meritorious defenses, or that damages recoverable under the Complaint or Second

Amended Complaint would not have exceeded the Settlement Amount, or with respect to any

liability, negligence, fault or wrongdoing of any kind, or shall be in any way referred to for any

other reason as against any of the Plaintiffs Releasees, in any civil, criminal or administrative action or proceeding; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that, notwithstanding the foregoing, if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may file or refer to this Stipulation or the Judgment in any action that may be brought to enforce the terms of this Stipulation or the Judgment.

49.      Notwithstanding the foregoing, the Parties and other Releasees may file or refer to this Stipulation, the Judgment (or Alternative Judgment, if applicable), and/or any Claim Form: (a) to effectuate the liability protections granted hereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to enforce the terms of this Stipulation and/or the Judgment (or Alternative Judgment, if applicable); (c) as necessary in connection with any tax proceedings; or (d) to effectuate the liability protections granted under any applicable insurance policies.  The Parties and other Releasees submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

50.      Class Representatives represent and warrant that neither of them have assigned, encumbered or in any manner transferred, in whole or in part, the Released Plaintiffs' Claims or the causes of action referred to herein.

51.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or

inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

52.     Genworth warrants that, as to the payments made or to be made by it or on its behalf, at the time of entering into this Stipulation and at the time of such payment it, or to its knowledge any persons or entities contributing to the payment of the Settlement Amount, is not insolvent, nor will the payment required to be made by it or on its behalf render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by Genworth and not by its counsel.

53.     In the event that Genworth commences a case under Title 11 of the United States Code (the Bankruptcy Code), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law and:

(A)     Such commencement is prior to the Effective Date, Class Representatives are permitted to either:

> (1)     Terminate the Settlement in its entirety, in which case Class Representatives shall have no right to or interest in the Settlement Fund, and this Stipulation, including the Releases contained herein, shall be null and void as set forth and the funds returned pursuant to the terms above in ¶41; or

> (2)     Retain the Settlement Amount, in which case this Stipulation shall remain in full force and effect.

(B)     In the event of such commencement and a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Genworth to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned to Genworth or its bankruptcy estate prior to the

date of the first distribution of settlement funds to the Class, and such amount is not promptly

deposited in the Settlement Fund by others, then, at the election of Class Counsel, Class

Representatives and Defendants shall jointly move the Court to vacate and set aside the releases

given and the Judgment or Alternate Judgment entered in favor of Defendants and the other

Releasees, in which event this Stipulation, including the Releases contained herein, shall be null

and void and the funds returned as set forth and pursuant to the terms above in ¶41.

54.     Defendants shall be responsible for, at no cost to the Class, timely service of any

notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715

("CAFA"), including by mailing, or causing to be mailed, through the Claims Administrator or

otherwise, the CAFA notice within ten (10) calendar days of the filing of this Stipulation with

the Court.  Defendants shall promptly inform Class Counsel if such a mailing has occurred.

55.     The Parties intend this Stipulation and the Settlement to be the final and complete

resolution of all disputes asserted or which could be asserted by Class Representatives and any

other Class Members against the Defendants Releasees with respect to the Released Plaintiffs'

Claims.  Accordingly, Class Representatives and their counsel and Defendants and their counsel

agree not to assert in any forum that this Litigation was brought by Class Representatives or

defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any

claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the

institution, prosecution, defense, or settlement of this Litigation.  The Parties agree that the

amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good

faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive

negotiations and consultation with experienced legal counsel, who were fully competent to

assess the strengths and weaknesses of their respective clients' claims or defenses.

56.     While retaining their right to deny that the claims asserted in the Litigation were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Litigation was commenced or prosecuted in bad faith, nor will they deny that the Litigation was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Class Representatives and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

57.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Class Representatives and Defendants (or their successors-in-interest).

58.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

59.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses/charges and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

60.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

61.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Class Representatives and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

62.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

63.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

64.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

65.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

66.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

67.     All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

68.     Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

69.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

        If to Class Representatives or Class Counsel:

                ROBBINS GELLER RUDMAN
                    & DOWD LLP
                Attn: Douglas R. Britton, Esq.
                655 West Broadway, Suite 1900
                San Diego, CA 92101
                Telephone:  619/231-1058
                619/231-7423 (fax)
                dougb@rgrdlaw.com

                      -and-

                LABATON SUCHAROW LLP
                Attn: Jonathan Gardner, Esq.
                140 Broadway
                New York, NY  10005
                Telephone:  212/907-0867
                212/818-0477 (fax)

jgardner@labaton.com

If to Defendants or Defendants'
Counsel:                              DENTONS US LLP
                                      Attn: Reid L. Ashinoff, Esq.
                                      1221 Avenue of the Americas
                                      New York, NY  10020
                                      Telephone:  212/768-6700
                                      212/768-6800 (fax)
                                      reid.ashinoff@dentons.com

70.     Except as otherwise provided herein, each Party shall bear its own costs.

71.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

72.     Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney client privilege, the joint defense privilege, or work product protection.

73.     All agreements made and orders entered during the course of this Litigation relating to the confidentiality of information shall survive this Settlement.  Consistently with Section 14 of the Stipulated Protective Order entered into on October 30, 2015, which shall survive this Stipulation, all Protected Material, including all copies thereof and material derived therefrom, shall be returned to the producing party or destroyed within sixty (60) business days after the Effective Date.

74.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class

Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys.

DATED: June ___, 2017

**ROBBINS GELLER RUDMAN & DOWD LLP**
DOUGLAS R. BRITTON
IVY T. NGO
ASHLEY M. PRICE
MATTHEW J. BALOTTA

_____
DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
ingo@rgrdlaw.com
aprice@rgrdlaw.com
mbalotta@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

*Class Counsel for Class Representatives and the Class*

DATED: June _15_, 2017

**LABATON SUCHAROW LLP**
JONATHAN GARDNER
CHRISTINE FOX

_____
JONATHAN GARDNER

140 Broadway
New York, NY 10005
Telephone: 212/907-0867
212/818-0477 (fax)
jgardner@labaton.com
cfox@labaton.com

*Class Counsel for Class Representatives and the Class*

DATED: June __, 2017

**DENTONS US LLP**
REID L. ASHINOFF
JUSTINE N. MARGOLIS
JUSTIN N. KATTAN

_____
JUSTIN N. KATTAN

1221 Avenue of the Americas
New York, NY 10020
Telephone: 212/768-6700
212/768-6800 (fax)
reid.ashinoff@dentons.com
justine.margolis@dentons.com
justin.kattan@dentons.com

*Counsel for Defendants*

DATED:  June ___, 2017

**LABATON SUCHAROW LLP**
JONATHAN GARDNER
CHRISTINE FOX

_____
JONATHAN GARDNER

140 Broadway
New York, NY  10005
Telephone:  212/907-0867
212/818-0477 (fax)
jgardner@labaton.com
cfox@labaton.com

*Class Counsel for Class Representatives and the
Class*

DATED:  June 15, 2017

**DENTONS US LLP**
REID L. ASHINOFF
JUSTINE N. MARGOLIS
JUSTIN N. KATTAN

_____
JUSTIN N. KATTAN

1221 Avenue of the Americas
New York, NY  10020
Telephone:  212/768-6700
212/768-6800 (fax)
reid.ashinoff@dentons.com
justine.margolis@dentons.com
justin.kattan@dentons.com

*Counsel for Defendants*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re GENWORTH FINANCIAL, INC.          :    Master File No. 1:14-cv-02392-AKH
SECURITIES LITIGATION                   :
                                        :    CLASS ACTION
————————————————————         :
                                        :
This Document Relates To:               :    [PROPOSED] ORDER PRELIMINARILY
                                        :    APPROVING SETTLEMENT AND
          ALL ACTIONS.                  :    PROVIDING FOR NOTICE
                                        :
                                        x    EXHIBIT A
————————————————————

WHEREAS, an action is pending before this Court entitled *In re Genworth Financial, Inc. Sec. Litig.*, Master File No. 1:14-cv-02392-AKH (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of June ___, 2017 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2017, at ____:___ _.m. (a date that is at least 100 calendar days from the date of this Order), at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14D, New York, NY 10007-1312, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶38 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine

the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of expenses to be awarded to Class Representatives, pursuant to the Private Securities Litigation Reform Act of 1995. The Court may adjourn the Settlement Hearing without further notice to the members of the Class.

3.      The Court approves, as to form and content, the Notice of Pendency and of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶6-7 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable laws and rules, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

5.      Within seven (7) calendar days of the date of entry of this Order, Genworth shall use reasonable efforts to provide or cause to be provided to Class Counsel in electronic format (at no cost to the Settlement Fund, Class Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of the record holders of Genworth publicly traded common stock during the Class Period, as set forth in the Stipulation.

6.      Not later than_____, 2017 (a date that is fourteen (14) calendar days after the Court signs and enters this Order) (the "Notice Date"), the Claims Administrator shall

commence mailing the Notice and Claim Form ("Notice Packet"), substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and post the Notice Packet on the dedicated settlement website at www.Genworth2017SecuritiesSettlement.com. The Claims Administrator shall also post all substantive filings that have been publicly docketed in the Litigation, and will be docketed, on the settlement website.

7.      Not later than _____, 2017 (a date that is ten (10) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

8.      Not later than _____, 2017 (a date that is seven (7) calendar days prior to the Settlement Hearing), Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers, such as brokerage firms and other persons or entities, who purchased or otherwise acquired the publicly traded common stock of Genworth during the Class Period as record owners but not as beneficial owners. These nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice Packet, provide a list of the names and addresses of all those beneficial owners to the Claims Administrator, and the Claims Administrator shall send the Notice Packet promptly to the identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all beneficial owners for which they purchased or otherwise acquired the publicly traded common stock of Genworth during the Class Period and promptly upon receipt of the Notice Packet from the Claims Administrator forward them to all those beneficial owners.

Nominees who elect to send the Notice Packet to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Litigation. Class Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in timely complying with this Order and providing notice to beneficial owners who are Class Members, out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.     All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

11.     Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than _____, 2017 (a date that is one hundred (100) calendar days from the Notice Date).  Any Class Member who does not timely submit a Claim Form within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Class Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions, as well as those set forth in the Claim Form and Stipulation:  (a) it must be properly completed, signed and submitted in

- 4 -

a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein; (c) if the person executing the Claim Form is acting in a representative capacity, documentation of that person's authority must accompany the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under the penalty of perjury.

13.     Any Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court or allowed by Class Counsel:  (a) shall be forever barred from participating in any distributions of the Net Settlement Fund; (b) shall be bound by the provisions of the Stipulation and all proceedings, determinations, orders and judgments in the Litigation relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (c) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants Releasees, as more fully described in the Stipulation and Notice.

14.     At least twenty-one (21) calendar days before the Settlement Hearing, any member of the Class, who does not request exclusion from the Class, may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  Any Class Member who does not enter an appearance will be represented by Class Counsel.

- 5 -

15.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail or hand-delivered, such that it is postmarked no later than _____, 2017 (a date that is twenty-one (21) calendar days before the Settlement Hearing).  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Genworth publicly traded common stock during the Class Period, including the dates, the number of shares of Genworth common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  A Request for Exclusion shall not be effective unless it provides all of the required information and is received within the time stated above, or is otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

16.     Class Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, no later than five (5) calendar days after receiving a Request for Exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier.

17.     Any member of the Class may appear and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the plaintiffs, or why the expenses of Class Representatives should or should not be awarded; provided,

however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are postmarked or hand-delivered no later than _____, 2017 (a date that is twenty-one (21) calendar days before the Settlement Hearing), and provided to Robbins Geller Rudman & Dowd LLP, Douglas Britton, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Dentons US LLP, Reid Ashinoff, 1221 Avenue of the Americas, New York, NY 10020, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312.  An objection must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Genworth publicly traded common during the Class Period, including the dates, the number of shares of Genworth common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) the Class Member's objection(s) and the specific reasons and support for the objection(s).  Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the plaintiffs or expenses of Class Representatives, unless otherwise ordered by the Court.

18.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees and expenses or by Class Representatives for their expenses shall be filed and served no later than _____, 2017 (a date that is thirty-five (35) calendar days before the Settlement Hearing).  Replies to any objections shall be filed and served no later than _____, 2017 (a date that is seven (7) calendar days before the Settlement Hearing).

20.     Neither the Defendants nor any other Defendants Releasees nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

22.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Class Representatives nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶10, 13, 15 of the Stipulation.

23.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

- 8 -

24.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

25.     If the Stipulation and the Settlement set forth therein is terminated as provided in the Stipulation, or is not approved or consummated for any reason whatsoever, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Parties or Class Members, and the Parties shall revert to their respective positions in the Litigation as of March 21, 2017, as provided in the Stipulation.

26.     Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants Releasees with respect to the truth of any allegation by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including the appropriateness of the litigation class, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants Releasees or shall be in any way referred to for any other reason as against any of the Defendants Releasees, in any civil, criminal or

administrative action or proceeding; (b) shall be offered against any of the Plaintiffs Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs Releasees that any of their claims are without merit, that any of the Defendants Releasees had meritorious defenses, or that damages recoverable under the Complaint or Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or shall be in any way referred to for any other reason as against any of the Plaintiffs Releasees, in any civil, criminal or administrative action or proceeding; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that, notwithstanding the foregoing, if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may file or refer to the Stipulation or the Judgment in any action that may be brought to enforce the terms of the Stipulation or the Judgment.

27.     Pending final determination of whether the proposed Settlement should be approved, neither the Class Representatives nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants and the other Defendants Releasees, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED: _____          _____
                                        THE HONORABLE ALVIN K. HELLERSTEIN
                                        UNITED STATES DISTRICT JUDGE

INDEX OF EXHIBITS TO [PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

| DOCUMENT | EXHIBIT |
|---|---|
| Notice of Pendency and of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |

# Exhibit A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
| --- | --- | --- |
| In re GENWORTH FINANCIAL, INC. SECURITIES LITIGATION | : : : | Master File No. 1:14-cv-02392-AKH |
|  | : | CLASS ACTION |
|  | : |  |
|  | : | NOTICE OF PENDENCY AND OF |
| This Document Relates To: | : | PROPOSED CLASS ACTION |
|  | : | SETTLEMENT AND MOTION FOR |
| ALL ACTIONS. | : | ATTORNEYS' FEES AND EXPENSES |
|  | : |  |
|  | : | EXHIBIT A-1 |
|  | x |  |

**TO:   ALL PURCHASERS OF THE PUBLICLY TRADED COMMON STOCK OF GENWORTH FINANCIAL, INC. ("GENWORTH" OR THE "COMPANY") DURING THE PERIOD FROM NOVEMBER 3, 2011 THROUGH APRIL 17, 2012, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  THIS CASE AND THIS SETTLEMENT ARE COMPLETELY SEPARATE FROM THE SETTLEMENT REACHED IN CONNECTION WITH THE CLASS ACTION THAT WAS PENDING IN THE DISTRICT COURT IN THE EASTERN DISTRICT OF VIRGINIA, KNOWN AS *IN RE GENWORTH FINANCIAL, INC. SEC. LITIG.*, CASE NO. 14-CV-00682.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.   TO CLAIM YOUR SHARE OF THE SETTLEMENT FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____.**

This Notice of Pendency and of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the case entitled *In re Genworth Financial, Inc. Sec. Litig.*, Master File No. 1:14-cv-02392-AKH (S.D.N.Y.) (the "Litigation") for Twenty Million Dollars ($20,000,000) and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement set forth in the June ___, 2017 Stipulation of Settlement (the "Stipulation") on file with the Court.

The Court has not decided this case.  Instead, both sides agreed to a settlement to avoid the uncertainties and expenses associated with ongoing litigation.  This Notice is not intended to be, and should not be considered, an expression of any opinion by the Court with respect to the truth or falsity of the allegations in the Litigation against the defendants in the Litigation—Genworth and two of its former officers, Michael D. Fraizer and Martin P. Klein (collectively, "Defendants")—or

- 1 -

the merits of the claims or defenses asserted in the case.  This Notice is solely to advise you of the

proposed Settlement and of your rights.

**If you are a Class Member, your legal rights will be affected by this Settlement whether
you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR SUBMITTED ON-LINE NO LATER THAN _____, 2017** | The <u>only</u> way to be eligible to receive a payment from the Net Settlement Fund. |
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN _____, 2017** | If you exclude yourself from the Class, you will not be bound by anything that happens in the Litigation but you will not be eligible to receive any payment from the Settlement.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit (other than this Litigation) against Defendants and/or the other Defendants Releasees concerning the Released Plaintiffs' Claims. *See* page ___ below for details. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN _____, 2017** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the fee and expense application.  If you object, you will still be a member of the Class and you will not be excluded. You will be eligible to submit a Claim Form, if done timely. *See* page ____ below for details. |
| **GO TO A HEARING ON _____, 2017 AND FILE A NOTICE OF APPEARANCE SO THAT IT IS RECEIVED NO LATER THAN _____, 2017** | Ask to speak in Court about the Settlement.  *See* page ____ below for details. |
| **DO NOTHING** | If you are a Class Member, you will not be eligible to receive a payment from the Settlement.  You will give up any rights to sue the Defendants and/or the Defendants Releasees regarding all of the Released Plaintiffs' Claims, and you will still be bound by the Settlement. |

# I.   STATEMENT OF PLAINTIFFS' RECOVERY

The proposed Settlement will create a cash fund in the principal amount of Twenty Million Dollars ($20,000,000.00) (the "Settlement Amount"), plus any interest that may accrue on the cash fund while it is in escrow (the "Settlement Fund").

This is a class action alleging securities fraud brought by the City of Hialeah Employees' Retirement System and New Bedford Contributory Retirement System as the "Class Representatives" against Genworth and certain of its former officers.  The complaint alleged that Defendants made materially false and misleading statements to investors during the period from November 3, 2011 through April 17, 2012, inclusive (the "Class Period"), in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.  The complaint further alleged that on April 17, 2012, after the market closed, Genworth announced that the planned second quarter 2012 minority initial public offering ("IPO") of its Australian mortgage insurance ("MI") subsidiary would be delayed until at least "early 2013," with the "new timeframe primarily reflect[ing] recent business performance in Australia."  The next day, on April 18, 2012, Genworth's stock price dropped.

Class Representatives claimed that Defendants made materially false statements and omitted material information regarding: (i) the financial stability of Genworth's Australian MI unit; (ii) the adequacy of loss reserves in the Australian MI unit due to increased claims of a large size; (iii) loss pressures from flooding in Queensland, Australia in early 2011; (iv) the nature and timeliness of information (including delinquency information) the Australian MI unit was receiving from its loan servicers; and (v) whether the Australian IPO would proceed as planned in the second quarter of 2012.

Defendants denied all wrongdoing, denied that they had made any false statements or omissions whatsoever, continue to maintain that Genworth's disclosures complied with all

applicable laws and regulations, and contend that the allegations and claims raised in the complaint lack merit.

The Settlement Fund, subject to deductions for, among other things, costs of class notice and claim administration and certain taxes and tax related expenses and for attorneys' fees and expenses approved by the Court, will be available for distribution to Class Members.  Your recovery from this fund will depend on a number of variables, including your completion and submission of a valid and timely Claim Form, the number of shares of publicly traded Genworth common stock you purchased from November 3, 2011 through April 17, 2012, inclusive, the timing of your purchases and any sales, and how many others similarly situated make claims.  If all eligible Class Members submit claims, Class Counsel estimates that the average distribution per share of Genworth common stock will be approximately $0.14 per share before deduction of Court-approved fees and expenses.  In Class Counsel's experience, actual claimants are fewer than 100%.

## II.   STATEMENT OF POTENTIAL OUTCOME OF THE CASE

In addition to disagreeing about whether or not Defendants made any false statements or omissions, with scienter, Class Representatives and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Class Representatives were to have prevailed on each claim alleged.  In short, the Parties disagree on all aspects of the merits of this case, including whether or not any damages were suffered and are recoverable, as well as whether the drop in Genworth's stock price on April 18, 2012 was attributable to the alleged fraud, the definition of the Class, and whether the certified Class could be maintained during the remainder of the Litigation and through trial.  Defendants deny that they are liable in any respect or that either the Class Representatives or the Class suffered any injury.  Accordingly, recovery of any amount at trial was far from certain.  In addition, the Litigation could have taken years to resolve at great expense and with significant uncertainty.

- 4 -

### III.    REASONS FOR SETTLEMENT

Class Representatives believe that the proposed Settlement is a fair recovery and is in the best interests of the Class.  Because of the risks associated with continuing to litigate and proceeding to trial, there was no guarantee that the Class would have prevailed or, if it had, how much, if any, damages could be recoverable.  The proposed Settlement provides a certain benefit to Class Members, and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

### IV.    STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Class Counsel have not received any payment to date for their services in conducting this Litigation on behalf of the Class Representatives and the members of the Class, nor have they been paid for their litigation expenses.  Defendants have not negotiated any fees with Class Counsel. Class Counsel will apply to the Court for an award of attorneys' fees and expenses, on behalf of all Plaintiffs' Counsel.  In addition, Class Counsel have advanced hundreds of thousands of dollars in costs for experts and other expenses in this Litigation.  Class Counsel's application for attorneys' fees in this case will not exceed 30% of the Settlement Fund and their application for expenses will not exceed $675,000, plus interest at the rate accrued by the Settlement Fund.  In addition, the Class Representatives may each seek up to $25,000 in expenses incurred in representing the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund, if the Settlement is approved by the Court.  If the amounts requested are approved by the Court, the average cost per share of Genworth common stock, based on a 100% claim rate, will be $0.05 per share.

### V.    IDENTIFICATION OF ATTORNEY REPRESENTATIVES

For further information regarding this Settlement, you may contact representatives of Class Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West

Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900, www.rgrdlaw.com; or Nicole Zeiss, Settlement Counsel, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, Telephone: 888/219-6877, settlementquestions@labaton.com, www.labaton.com. Additional information, including copies of pleadings and documents filed in the case, is also available on the website maintained for the Settlement at www.Genworth2017SecuritiesSettlement.com.

## HEARING ON PROPOSED SETTLEMENT

**When and where will the Court decide whether to approve the proposed Settlement?**

A hearing (the "Settlement Hearing") will be held on _____, 2017, at __:___ ___.m., before the Honorable Alvin K. Hellerstein, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14D, New York, NY 10007-1312. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed Settlement, as set forth in the Stipulation, consisting of Twenty Million Dollars ($20,000,000.00) in cash, should be approved as fair, reasonable, and adequate to the members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Class Counsel for an award of attorneys' fees and expenses and the expenses of Class Representatives should be approved and, if so, in what amounts; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.

## DEFINITIONS USED IN THIS NOTICE

**What are the meanings of the key terms in this Notice?**

As used in this Notice, the following terms have the meanings specified below. Any capitalized terms not specifically defined in this Notice have the meanings set forth in the Stipulation. In the event of any inconsistency between any definition set forth below or elsewhere in

this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1.      "**Authorized Claimant**" means any Class Member whose claim for recovery from the Settlement has been allowed pursuant to the terms of the Stipulation.

2.      "**Class**" means all purchasers of publicly traded Genworth common stock during the period from November 3, 2011 through April 17, 2012, inclusive, who were allegedly damaged by the conduct at issue in the Litigation.  Excluded from the Class are Defendants; the Officers and directors of the Company, at all relevant times; members of the immediate families of excluded persons, and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class is any Class Member that validly and timely requests exclusion from the Class or whose request for exclusion is accepted by the Court.

3.      "**Defendants Releasees**" means each and every one of Genworth and the Individual Defendants, Defendants' Counsel, and, as applicable to either (i) an Individual Defendant or (ii) the corporate Defendant, any of Defendants' present and former parents, affiliates, subsidiaries, associates, business units or divisions, and each and all of their respective past and present directors, Officers, members, principals, employees, managers, attorneys, financial or investment advisors, consultants, accountants, actuaries, auditors, indemnifiers, representatives, bankers, insurers, reinsurers, heirs, estates, trustees, trusts, executors, administrators, general or limited partners or partnerships, and each of their respective predecessors, successors and assigns, and any of the Individual Defendants' Immediate Family members.

4.      "**Effective Date**" means the date on which all of the following events have either occurred or been waived:

(a)      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A to the Stipulation;

(b)      the Settlement Amount has been deposited into the Escrow Account in accordance with the Stipulation;

(c)      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of the Stipulation;

(d)      Class Representatives have not exercised their option to terminate the Settlement pursuant to the provisions of the Stipulation; and

(e)      the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

5.      "**Judgment**" means the final judgment, substantially in the form set forth in Exhibit B to the Stipulation, to be entered by the Court approving the Settlement.

6.      "**Net Settlement Fund**" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys' fees, expenses, and charges awarded by the Court; (iv) any costs and expenses (which may include lost wages) awarded by the Court to Class Representatives; and (v) any other costs, fees or expenses approved by the Court.

7.      "**Parties**" means Defendants and Class Representatives, on behalf of themselves and the Class.

8.      "**Released Plaintiffs' Claims**" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, debts, sums of money, suits, contracts,

- 8 -

agreements, promises, damages, and liabilities of every kind, nature and description, including both known claims and Unknown Claims, whether arising under federal, state, foreign, statutory, common or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or unliquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, or exist as of the date of the Court approval of the Settlement, that Class Representatives or any other Class Member asserted in the Complaint or Second Amended Complaint or could have asserted in the Litigation or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum, in the U.S. or elsewhere) against any of the Defendants Releasees that: (a) arise out of, are based upon, relate to or concern any of the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions or failures to act alleged, set forth, referred to, involved in, or raised in the Litigation, the Complaint, or the Second Amended Complaint, including, without limitation, claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations or any other statements by Defendants during the period November 3, 2011 through April 17, 2012, inclusive, or that relate to or concern Genworth's Australian mortgage insurance business; and (b) that arise out of, are based upon, or relate to the sale, purchase or acquisition of Genworth common stock during the period November 3, 2011 through April 17, 2012, inclusive.   Released Claims do not include: (i) claims to enforce the Settlement and the Stipulation; (ii) claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) claims in *Genworth Financial, Inc. Consolidated*

*Derivative Litigation*, C.A. No. 11901-VCS (Del. Ch.), and *Chopp v. McInerney, et al*, C.A. No. 12835 (Del. Ch.).  For the sake of clarity, Released Plaintiffs' Claims do not include the claims asserted in any pending derivative action.

9.      "**Unknown Claims**" means any Released Plaintiffs' Claims which any Class Representative or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants Releasees does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Defendants shall expressly waive, and each of the other Class Members and each of the other Defendants Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Releasing Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but that the Class Representatives and the Defendants Releasees nevertheless intend to and shall expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff shall be deemed to have settled and released, and upon the

Effective Date and by operation of the Judgment or the Alternate Judgment, if applicable, shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct, which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Class Representatives and Defendants acknowledge, and each of the other Class Members and each of the other Defendants Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## THE HISTORY OF THE LITIGATION

**What has happened in this case so far?**

The initial complaint in this case, captioned *City of Hialeah Employees' Retirement System, v. Genworth Financial, Inc., et al.*, Civil Action No. 1:14-cv-02392-AKH, was filed in the Court on April 4, 2014.  By order entered July 28, 2014, the Court appointed the City of Hialeah Employees' Retirement System and New Bedford Contributory Retirement System as "Lead Plaintiffs" and their counsel Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as "Lead Counsel."  On October 3, 2014, the Amended Complaint for Violation of the Federal Securities Laws was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Complaint"). The named defendants in the Complaint were Genworth and individual defendants Michael D. Fraizer and Martin P. Klein (the "Individual Defendants").  On December 2, 2014, the Defendants moved to dismiss the Complaint, which was opposed by Lead Plaintiffs.  By order entered March 25, 2015, the Court denied Defendants' motion to dismiss.  However, the Court, on its own, dismissed

the Complaint, without prejudice.  On April 17, 2015, Lead Plaintiffs filed their Second Amended Class Action Complaint (the "Second Amended Complaint").  On May 8, 2015, Defendants again moved to dismiss, which Lead Plaintiffs opposed.  By order entered June 16, 2015, the Court denied Defendants' motion to dismiss.  On January 22, 2016, Defendants moved for reconsideration of the Court's denial of their motion to dismiss, which motion Lead Plaintiffs opposed.  By order entered March 3, 2016, the Court denied Defendants' motion for reconsideration.  Thereafter, Defendants filed an answer denying all allegations of wrongdoing in the Second Amended Complaint and asserting defenses thereto.  On January 29, 2016, Lead Plaintiffs moved for class certification, which motion Defendants opposed.  The Court granted the class certification motion on March 7, 2016.

As reflected by the above-referenced motions to dismiss the complaints and certify the class, this case was vigorously litigated by the Parties.  During the pendency of the Litigation, the Parties engaged in extensive fact discovery for almost two years.  During this time, the Parties subpoenaed more than a dozen parties and third parties.  Defendants and several third parties produced approximately 2.2 million pages of documents, which Class Counsel analyzed.  Thereafter, the Parties took nine depositions (within the United States and Australia), including depositions of the Individual Defendants.  The Parties also engaged consulting expert witnesses, who provided opinions relevant to the alleged damages in the case and the mortgage industry.

During the course of the Litigation, the Parties explored the possibility of a negotiated resolution of the Litigation through numerous in person discussions, telephonic conferences, and written correspondence.  After an in-person settlement meeting, these efforts culminated with the Parties agreeing to settle the Litigation for $20,000,000.00, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court.

- 12 -

## TERMS OF THE PROPOSED SETTLEMENT

**What does the Settlement provide?  What am I giving up to receive a payment or if I stay in the Class?**

The terms of the Settlement entered into by the Class Representatives and Defendants are set forth in full in the Stipulation and its Exhibits.  A portion of the $20 million Settlement Fund will be used to pay attorneys' fees and expenses to Class Counsel and the Class Representatives, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Claim Forms.

If the Settlement is approved by the Court, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), which will end this case.  In addition, the Judgment will require that, upon the Effective Date of the Settlement, Class Representatives and each of the Class Members, for themselves and for any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such plaintiff or Class Member ever seeks or obtains any payment from the Settlement Fund, will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (defined above) against each and every one of the Defendants Releasees (defined above), and will be permanently barred and enjoined from instituting, commencing, prosecuting, or maintaining any such Released Plaintiffs' Claim against any of the Defendants and the other Defendants Releasees.  Claims to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment are not released.

The Settlement is conditioned upon the occurrence of certain events that are described in the Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court; and

- 13 -

(2) expiration of the time to appeal from the Judgment or to move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the Settlement.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, it will become null and void, and the Parties will be restored to their respective litigation positions as of March 21, 2017.  In that event, the Settlement will not proceed and no payments will be made to Class Members.

## SUBMITTING A CLAIM FORM

| How can I receive a payment from the Settlement? |
| --- |

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A VALID CLAIM FORM.**  A Claim Form is enclosed with this Notice, or it may be read on-line or downloaded for free at www.Genworth2017SecuritiesSettlement.com.  Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked (if mailed) or received (if filed electronically) no later than _____, 2017.  The Claim Form may be submitted online at www.Genworth2017SecuritiesSettlement.com.  Unless the Court orders otherwise, if you do not timely submit a valid Claim Form, you will be barred from receiving any payments from the Net Settlement Fund, but you will in all other respects be bound by the provisions of the Stipulation and the Judgment, including the release of claims, if you are a Class Member.

| How will my claim be calculated?  What is the Plan of Allocation? |
| --- |

The Net Settlement Fund will be distributed to Class Members who are entitled to a distribution from the Net Settlement Fund under the Plan of Allocation described below and who submit valid and timely Claim Forms.  The Court may approve this proposed Plan of Allocation, or

modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.Genworth2017SecuritiesSettlement.com.  Your receipt of this Notice does not mean that you are a Class Member or that you will receive a payment.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making allocations of the Net Settlement Fund.

In the unlikely event there are sufficient funds in the Net Settlement Fund to reimburse the Class for all losses, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claimed losses of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants— his, her or its "*pro rata* share."

The Plan of Allocation was developed in consultation with Class Representatives' damages expert.  In developing the Plan of Allocation, Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Genworth common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading

statements and omissions.  In calculating the estimated artificial inflation allegedly caused by those alleged misrepresentations and omissions, Class Representatives' damages expert considered price changes in Genworth common stock in reaction to the public disclosure that allegedly corrected the respective alleged misrepresentations and omissions, and adjusted the price change for factors that were attributable to market or industry forces.  In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Genworth publicly traded common stock must have been purchased during the Class Period and held through April 17, 2012 (the date Genworth publicly announced the postponement of the planned IPO of its Australian MI subsidiary).

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase of Genworth publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

1.      For each share of Genworth publicly traded common stock purchased from November 3, 2011 through and including the close of trading on April 17, 2012, and:

> (a)      Sold prior to the close of trading on April 17, 2012, the Recognized Loss Amount will be $0.00;
>
> (b)      Sold from April 18, 2012 through and including the close of trading on July 16, 2012, the Recognized Loss Amount will be ***the least of***: (i) $1.70 (the amount of alleged artificial inflation per share during the Class Period), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between April 18, 2012 and the date of sale as stated in Table A at the end of this Notice; and
>
> (c)      Held as of the close of trading on July 16, 2012, the Recognized Loss Amount will be ***the lesser of***: (i) $1.70 (the amount of alleged artificial inflation per share during the Class Period), or (ii) the purchase price minus $5.47, the average

closing price for Genworth common stock between April 18, 2012 and July 16, 2012 (the last entry on Table A).[1]

## General Provisions

The date of a purchase or sale is the "contract" or "trade" date, not the "settlement" date.

For Class Members who held Genworth publicly traded common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of Genworth common stock during the Class Period will be matched, in chronological order, first against shares of common stock held at the beginning of the Class Period. The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased during the Class Period.

A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's

---

[1] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Genworth common stock during the 90-day look-back period. The mean (average) closing price for Genworth common stock during this 90-day look-back period was $5.47.

Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Genworth common stock described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of common stock that have been matched against the common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund will be donated to the Council of Institutional Investors' Research and Education Fund, or another appropriate non-profit organization(s) approved by the Court.

Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.  The Court has reserved jurisdiction to hear an appeal by any Class Member of the Claims Administrator's determinations regarding a Class Member's claim and to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Defendants Releasees will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  No Person shall have any claim against the Class Representatives, Plaintiffs' Counsel, any claims

administrator, or other agent designated by Class Counsel, or Defendants or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

| **How will the lawyers be paid? Can I have my own lawyer appear for me?** |
|---|

At the Settlement Hearing, Class Counsel will ask the Court to award attorneys' fees of no more than 30% of the Settlement Fund, and expenses not to exceed $675,000, plus accrued interest. In addition, the Class Representatives may each seek up to $25,000 in expenses (including lost wages) they incurred in representing the Class.   If the Court approves the fee and expense application, the awards will be paid from the Settlement Fund.   Class Members are not personally liable for any such fees or expenses.

The fee requested by Class Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis.  Class Counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.  The fee to be requested has been approved by the Class Representatives.

If you are a Class Member, you may, but are not required to, enter an appearance on your own behalf or through counsel of your own choosing and at your own expense, provided that you or your counsel must file an appearance with the Court on your behalf on or before _____, 2017, and must serve copies of such appearance on the attorneys listed below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Class Counsel: Robbins Geller Rudman & Dowd LLP, Douglas Britton, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Labaton Sucharow LLP, Jonathan Gardner, 140 Broadway, New York, NY 10005.

## EXCLUDING YOURSELF FROM THE CLASS

| How do I get out of the Class? |
| --- |

       If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement described in this Notice you must request to be "excluded."  **If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult with an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.**

       If you wish to be excluded, you must mail a written request stating that you wish to be excluded from the Class to:

*Genworth Litigation.*
EXCLUSIONS
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

       The request for exclusion must: (1) include your name, address, and telephone number; (2) state that you "request exclusion from the Class"; (3) state the date(s), price(s) and amount(s) of Genworth common stock that you purchased or sold during the Class Period; and (4) be signed by you or your representative.  **YOUR EXCLUSION REQUEST MUST BE POSTMARKED NO LATER THAN _____, 2017.**  No request for exclusion will be considered valid unless all of the information described above is included with the request.  No further opportunity to request exclusion will be given in this Litigation.  If you choose to be excluded from the Class, (a) you will not be entitled to share in the proceeds of the Settlement; (b) you will not be bound by any judgment entered in the Litigation; and (c) you will not be precluded by the Settlement from

otherwise prosecuting an individual claim against Defendants and the other Defendants Releasees, if timely, based on the matters complained of in the Litigation.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

Class Members can object to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, and may appear and be heard at the Settlement Hearing. However, to do so, you must submit a written objection, such that it is ***postmarked*** no later than _____, 2017, to each of the following:

*To the Court:*

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 Pearl Street
New York, NY  10007-1312

*To Class Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS BRITTON
655 West Broadway, Suite 1900
San Diego, CA  92101

*To Defendants' Counsel:*

DENTONS US LLP
REID L. ASHINOFF
1221 Avenue of the Americas
New York, NY  10020

An objection must include the caption of the case, *City of Hialeah Employees' Retirement System, et al. v. Genworth Financial, Inc., et al.*, Master File No. 1:14-cv-02392-AKH, and it must demonstrate the objecting Person's membership in the Class, including the dates and number of shares of

- 21 -

Genworth publicly traded common stock purchased and sold during the Class Period, and the price paid or received for each such purchase or sale, and contain a statement of the reasons for objection. Only members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## EXAMINATION OF PAPERS

**Are there more details about the Settlement? How can I get more information?**

This Notice contains only a summary of the terms of the Settlement and does not describe all of its details.  More information is contained in the Stipulation and other documents filed in the Litigation.  You may review the Stipulation and other documents filed in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Litigation through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

In addition, settlement related documents (including the Stipulation of Settlement) and the substantive filings in the case may be viewed for free on the settlement website located at www. Genworth2017SecuritiesSettlement.com.  If you have any questions about the Settlement or the Litigation, you may contact Class Counsel using the information listed below.

| LABATON SUCHAROW LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
|---|---|
| Jonathan Gardner | Douglas Britton |
| 140 Broadway | 655 West Broadway, Suite 1900 |
| New York, NY 10005 | San Diego, CA  92101 |
| 888/219-6877 | 800/449-4900 |
| settlementquestions@labaton.com | www.rgrdlaw.com |
| www.labaton.com | |

## SPECIAL NOTICE TO NOMINEES

Nominees who purchased the publicly traded common stock of Genworth for the beneficial interest of other Persons during the Class Period SHALL EITHER: (a) **WITHIN TEN (10) CALENDAR DAYS** of receipt of the Notice and Claim Form ("Notice Packet"), provide a list of the names and addresses of all those beneficial owners to the Claims Administrator, and the Claims Administrator shall send the Notice Packet promptly to the identified beneficial owners; or (b) **WITHIN TEN (10) CALENDAR DAYS** of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all beneficial owners for which they purchased or otherwise acquired the publicly traded common stock of Genworth during the Class Period and promptly upon receipt of the Notice Packet from the Claims Administrator forward them to all those beneficial owners.  Nominees who elect to send the Notice Packet to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Litigation.  Upon compliance with the above and submission of appropriate documentation, Class Counsel will reimburse your reasonable costs and expenses of complying with this provision.  Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

*Genworth Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
San Rafael, CA _____

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2017          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

**TABLE A**

**Average Closing Price**
**April 18, 2012 – July 16, 2012**

| Date | Average Closing Price Between April 18, 2012 and Date Shown | Date | Average Closing Price Between April 18, 2012 and Date Shown |
|---|---|---|---|
| 4/18/2012 | $5.87 | 6/1/2012 | $5.62 |
| 4/19/2012 | $5.96 | 6/4/2012 | $5.60 |
| 4/20/2012 | $5.99 | 6/5/2012 | $5.59 |
| 4/23/2012 | $6.01 | 6/6/2012 | $5.58 |
| 4/24/2012 | $6.01 | 6/7/2012 | $5.58 |
| 4/25/2012 | $5.99 | 6/8/2012 | $5.57 |
| 4/26/2012 | $5.98 | 6/11/2012 | $5.56 |
| 4/27/2012 | $5.99 | 6/12/2012 | $5.55 |
| 4/30/2012 | $5.99 | 6/13/2012 | $5.54 |
| 5/1/2012 | $6.00 | 6/14/2012 | $5.53 |
| 5/2/2012 | $6.02 | 6/15/2012 | $5.53 |
| 5/3/2012 | $6.00 | 6/18/2012 | $5.52 |
| 5/4/2012 | $5.99 | 6/19/2012 | $5.52 |
| 5/7/2012 | $5.97 | 6/20/2012 | $5.52 |
| 5/8/2012 | $5.96 | 6/21/2012 | $5.51 |
| 5/9/2012 | $5.94 | 6/22/2012 | $5.50 |
| 5/10/2012 | $5.92 | 6/25/2012 | $5.49 |
| 5/11/2012 | $5.92 | 6/26/2012 | $5.48 |
| 5/14/2012 | $5.91 | 6/27/2012 | $5.47 |

| | | | |
|---|---|---|---|
| 5/15/2012 | $5.89 | 6/28/2012 | $5.47 |
| 5/16/2012 | $5.85 | 6/29/2012 | $5.47 |
| 5/17/2012 | $5.81 | 7/2/2012 | $5.48 |
| 5/18/2012 | $5.77 | 7/3/2012 | $5.48 |
| 5/21/2012 | $5.74 | 7/5/2012 | $5.49 |
| 5/22/2012 | $5.72 | 7/6/2012 | $5.49 |
| 5/23/2012 | $5.71 | 7/9/2012 | $5.49 |
| 5/24/2012 | $5.69 | 7/10/2012 | $5.48 |
| 5/25/2012 | $5.67 | 7/11/2012 | $5.48 |
| 5/29/2012 | $5.66 | 7/12/2012 | $5.47 |
| 5/30/2012 | $5.65 | 7/13/2012 | $5.47 |
| 5/31/2012 | $5.64 | 7/16/2012 | $5.47 |

# Exhibit A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

In re GENWORTH FINANCIAL, INC.          :        Master File No. 1:14-cv-02392-AKH
SECURITIES LITIGATION                   :
                                        :        CLASS ACTION
————————————————————————                :
                                        :        PROOF OF CLAIM AND RELEASE
                                        :
This Document Relates To:               :        EXHIBIT A-2
                                        :
        ALL ACTIONS.                    :
                                        :
———————————————————————— x

## I.     GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *In re Genworth Financial, Inc. Sec. Litig.*, Master File No. 1:14-cv-02392-AKH (S.D.N.Y.) (the "Litigation"),[1] you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **NO LATER THAN _____, 2017**, ADDRESSED AS FOLLOWS:

> *Genworth Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box _____
> San Rafael, CA _____
> Online Submissions: www.Genworth2017SecuritiesSettlement.com

If you are NOT a member of the Class (as defined in the Notice of Pendency and of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Notice"), which accompanies this Claim Form) DO NOT submit a Claim Form.

4.      If you are a member of the Class and you did not timely request exclusion in response to the Notice dated _____, 2017, you are bound by the terms of any judgment entered in the

---

[1] This Litigation is totally distinct from the case known as *In re Genworth Financial, Inc. Sec. Litig.*, Case No. 14-cv-00682, that was pending in the United States District Court, Eastern District of Virginia, which was settled in 2016.

Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II.     CLAIMANT IDENTIFICATION

If you purchased Genworth publicly traded common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Genworth common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Genworth common stock that forms the basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE GENWORTH COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Genworth Publicly Traded Common Stock" to supply all required details of your transaction(s) in Genworth publicly traded common stock.  If you need more space or additional schedules, attach separate sheets giving all of

the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **all** of your purchases and **all** of your sales of Genworth publicly traded common stock which took place during the period November 3, 2011 through and including July 16, 2012, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to **all** of the Genworth common stock you held at the close of trading on November 2, 2011 and on July 16, 2012.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Genworth common stock.  The date of a "short sale" is deemed to be the date of sale of Genworth common stock.

Copies of broker confirmations or other documentation of your transactions in Genworth common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  The Parties do not have information about your transactions in Genworth common stock.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at _____ to obtain the required file layout.  No electronic files will be

considered to have been properly submitted unless the Claims Administrator issues to the claimant a

written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*In re Genworth Financial, Inc. Sec. Litig.,*
Master File No. 1:14-cv-02392-AKH

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later Than:**

**_____, 2017**

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                                      State or Province

_____        _____
Zip Code or Postal Code                                  Country

_____    _____    Individual
Social Security Number or                _____    Corporation/Other
Taxpayer Identification Number

_____    _____
Area Code                   Telephone Number (work)

_____    _____
Area Code                   Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

PART II:     SCHEDULE OF TRANSACTIONS IN GENWORTH PUBLICLY TRADED
COMMON STOCK

A.     Number of shares of Genworth publicly traded common stock held at the close of
trading on November 2, 2011: _____

B.     Purchases of Genworth common stock (November 3, 2011 – July 16, 2012,
inclusive):

| Trade Date Month Day Year | Number of Shares Purchased | Purchase Price per Share | Total Purchase Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

**IMPORTANT:**  If any purchase listed covered a "short sale," please mark Yes.     ☐ Yes

C.     Sales of Genworth common stock (November 3, 2011 – July 16, 2012, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Sales Price per Share | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

D.     Number of shares of Genworth common stock held at the close of trading on July 16,
2012:_____

If you require additional space, attach extra schedules in the same format as above.  Sign and

print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN**

**THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF**

**YOUR CLAIM.**

- 5 -

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Genworth securities) if requested to do so.  I (We) have not submitted any other claim in the Litigation covering the same purchases or sales of Genworth publicly traded common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.      RELEASE AND ACKNOWLEDGEMENT**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiffs' Claims each and all of the Defendants Releasees, both as defined in the Stipulation of Settlement and referenced in the accompanying Notice.  This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

2.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

3.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Genworth common stock which are the subject of this

claim, which occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____

(Month/Year)

in _____

(City)                              (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgement.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you  move, please send your new address to:

*Genworth Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
San Rafael, CA _____

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

- 7 -

# Exhibit A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

In re GENWORTH FINANCIAL, INC.          :     Master File No. 1:14-cv-02392-AKH
SECURITIES LITIGATION                   :
                                        :     CLASS ACTION
——————————————————————          :
                                        :
This Document Relates To:               :     SUMMARY NOTICE
                                        :
        ALL ACTIONS.                    :     EXHIBIT A-3
                                        :
                                        :
——————————————————————— x

TO:   ALL PURCHASERS OF THE PUBLICLY TRADED COMMON STOCK OF
      GENWORTH FINANCIAL, INC. ("GENWORTH") DURING THE PERIOD FROM
      NOVEMBER 3, 2011 THROUGH APRIL 17, 2012, INCLUSIVE

      YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

for the Southern District of New York, that a hearing will be held on _____, 2017, at

__:__ __.m., before the Honorable Alvin K. Hellerstein, United States District Judge, at the United

States District Court for the Southern District of New York, Daniel Patrick Moynihan United States

Courthouse, 500 Pearl Street, Courtroom 14D, New York, NY 10007-1312, for the purpose of

determining: (1) whether the proposed settlement of the claims in the Litigation for the principal

amount of $20,000,000.00, plus accrued interest, should be approved by the Court as fair,

reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice

should be entered by the Court dismissing the Litigation with prejudice; (3) whether the proposed

Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the

application of Class Counsel for the payment of attorneys' fees and expenses and Class

Representatives' expenses in connection with this Litigation should be approved.

      IF YOU PURCHASED PUBLICLY TRADED COMMON STOCK OF GENWORTH

DURING THE PERIOD NOVEMBER 3, 2011 THROUGH APRIL 17, 2012, INCLUSIVE, YOUR

RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.  If you have not

received a detailed Notice of Pendency and of Proposed Class Action Settlement and Motion for

Attorneys' Fees and Expenses ("Notice") and a copy of the Proof of Claim and Release form, you

may obtain copies by writing to *Genworth Litigation*, Claims Administrator, c/o Gilardi & Co. LLC,

P.O.   Box   _____,   San   Rafael,   CA   _____,   or   on   the   internet   at

www.Genworth2017SecuritiesSettlement.com.  If you are a Class Member, in order to share in the

distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail

- 1 -

*postmarked no later than* _____*, 2017,* or submitted electronically, *no later than* _____*, 2017*, establishing that you are entitled to recovery.

      If you are a Class Member and you desire to be excluded from the Class, you must submit a request for exclusion such that it is *postmarked no later than* _____*, 2017*, in the manner and form explained in the detailed Notice referred to above.  All members of the Class who do not timely and validly request exclusion from the Class in response to the Notice will be bound by any judgment entered in the Litigation pursuant to the Stipulation.

      Any objection to the Settlement, the Plan of Allocation of settlement proceeds, or the fee and expense application must be mailed or delivered to each of the following recipients, *postmarked no later than* _____*, 2017*:

> ***To the Court***:
>
> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
> 500 Pearl Street
> New York, NY  10007-1312
>
> ***To Class Counsel:***
>
> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> DOUGLAS BRITTON
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> ***To Defendants' Counsel:***
>
> DENTONS US LLP
> REID L. ASHINOFF
> 1221 Avenue of the Americas
> New York, NY  10020

      **PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S  OFFICE REGARDING THIS NOTICE.**  If you have any questions about the Settlement, you may contact

- 2 -

Class Counsel at the address listed above or by an e-mail to Robbins Geller Rudman & Dowd LLP at djr@rgrdlaw.com or Labaton Sucharow LLP at settlementquestions@labaton.com.  The Claims Administrator also maintains a website with copies of settlement-related documents, pleadings, and other documents filed in the Litigation at www.Genworth2017SecuritiesSettlement.com.

DATED: _____, 2017      BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF NEW YORK

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— x | | |
| In re GENWORTH FINANCIAL, INC. SECURITIES LITIGATION | : : : | Master File No. 1:14-cv-02392-AKH CLASS ACTION |
| ———————————————— | : : | |
| This Document Relates To: | : : : | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | : : : | EXHIBIT B |
| ———————————————— x | | |

WHEREAS, a class action is pending in this Court entitled *In re Genworth Financial, Inc. Securities Litigation*, Master File No. 1:14-cv-02392-AKH (S.D.N.Y.) (the "Litigation");

WHEREAS, (a) the City of Hialeah Employees' Retirement System and New Bedford Contributory Retirement System (collectively, "Class Representatives" or "Lead Plaintiffs"), on behalf of themselves and the certified Class (defined below); and (b) defendants Genworth Financial, Inc. ("Genworth"), and Michael D. Fraizer ("Fraizer"), and Martin P. Klein ("Klein") (collectively, the "Individual Defendants," and, together with Genworth, the "Defendants"), have entered into a Stipulation of Settlement (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Litigation on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2017 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2017 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and

(b) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Litigation, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **<u>Jurisdiction</u>** - The Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **<u>Incorporation of Settlement Documents</u>** - This Judgment incorporates and makes a part hereof the Stipulation and its exhibits filed with the Court on or about _____ ____, 2017.

3.      **<u>Class Certification</u>** - The Court has previously certified a class in this Litigation pursuant to Rules 23(a)(1)-(4), 23(b) and 23(e) of the Federal Rules of Civil Procedure consisting of all purchasers of publicly traded Genworth common stock during the period from November 3, 2011 through April 17, 2012, inclusive, who were allegedly damaged by the conduct at issue in the Litigation.  Excluded from the Class are Defendants; the Officers and directors of the Company, at all relevant times; members of the immediate families of excluded persons, and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest.  [Also excluded from the Class are the Class Members listed on Exhibit A hereto, whose requests for exclusion from the Class are hereby accepted by the Court.]

4.     **Adequacy of Representation** - Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court also previously certified the City of Hialeah Employees' Retirement System and New Bedford Contributory Retirement System as Class Representatives for the Class and appointed Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Class. Class Representatives and Class Counsel have fairly and adequately represented the Class both in terms of the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     **Notice** - The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Litigation, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Class Counsel's motion for an award of attorneys' fees and payment of expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and payment of expenses, (v) their right to exclude themselves from the Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended.

6.     **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     The Litigation and all of the claims asserted against Defendants in the Litigation by Class Representatives and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     **Binding Effect** - The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representatives and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit A hereto are excluded from the Class pursuant to their valid and timely requests and are not bound by the terms of the Stipulation or this Judgment.

9.     **Releases** - The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

      (a)      Upon the Effective Date of the Settlement, the Releasing Plaintiffs: (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Defendants Releasees; (ii) have and shall be deemed to have covenanted not to sue, directly or indirectly, any of the Defendants Releasees with respect to any or all of the Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), pursuing or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants Releasees.  All Releasing Plaintiffs shall be bound by the terms of the releases set forth in the Stipulation and this Judgment, whether or not they submit a valid and timely Claim Form, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.  This Release shall not apply to any person or entity listed in Exhibit A hereto.

      (b)      Upon the Effective Date of the Settlement, the Defendants Releasees shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every one of the Released Defendants' Claims against Class Representatives, Plaintiffs' Counsel and the other Plaintiffs Releasees, and shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), pursuing or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim,

demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any or all of the Released Defendants' Claims against any of the Class Representatives, Plaintiffs' Counsel and the other Plaintiffs Releasees.  This Release shall not apply to any person or entity listed in Exhibit A hereto.

10.     Notwithstanding paragraphs 9(a) - (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** - Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(c)(1), the Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

12.     **No Admissions** - Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants Releasees with respect to the truth of any allegation by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense

7

that has been or could have been asserted in this Litigation or in any other litigation, including the appropriateness of the litigation class, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants Releasees or shall be in any way referred to for any other reason as against any of the Defendants Releasees, in any civil, criminal or administrative action or proceeding;

(b)     shall be offered against any of the Plaintiffs Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs Releasees that any of their claims are without merit, that any of the Defendants Releasees had meritorious defenses, or that damages recoverable under the Complaint or Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or shall be in any way referred to for any other reason as against any of the Plaintiffs Releasees, in any civil, criminal or administrative action or proceeding; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that, notwithstanding the foregoing, the Parties and the Releasees and their respective counsel may file or refer to the Stipulation or this Judgment in any action that may be brought to enforce the terms of the Stipulation or this Judgment.

13.     **Retention of Jurisdiction** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or

expenses by Class Counsel and for any expenses of Class Representatives to be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; and (e) the Class Members for all matters relating to the Litigation.

14.      Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and payment of expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.      **Modification of the Agreement of Settlement** - Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representatives and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.      **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representatives, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Litigation as of March 21, 2017, and funds returned, as provided in the Stipulation.

      17.    **<u>Entry of Final Judgment</u>** - There is no just reason to delay the entry of this

Judgment as a final judgment in this Litigation.  Accordingly, the Clerk of the Court is expressly

directed to immediately enter this final judgment in this Litigation.

      SO ORDERED this _____ day of _____, 2017


DATED: _____        _____
                                           THE HONORABLE ALVIN K. HELLERSTEIN
                                           UNITED STATES DISTRICT JUDGE

**<u>EXHIBIT A</u>**